878 F.2d 1436
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger N. KAHN, M.D., and Sandra S. Kahn, Plaintiffs-Appellants,
v.
Sheldon O. BURMAN, M.D., Defendant-Appellee.
 No. 87-2106.
 United States Court of Appeals, Sixth Circuit.
 July 10, 1989.
 
 Before KEITH, BOYCE F. MARTIN, Jr., and RYAN, Circuit Judges.
 RYAN, Circuit Judges.
 
 
 1
 Plaintiffs Roger N. Kahn, M.D., and Sandra S. Kahn appeal the district court's grant of summary judgment for defendant Sheldon O. Burman, M.D., in plaintiffs' action for negligence, fraudulent misrepresentation, negligent or innocent misrepresentation, defamation, intentional infliction of emotional distress, and loss of consortium. We hold that defendant is immune from civil liability under the witness immunity doctrine, and we affirm the district court's grant of summary judgment for defendant.
 
 
 2
 This case arose out of a medical malpractice action brought in Michigan state court by Michael Johnson against Dr. Kahn and others. Johnson alleged that Dr. Kahn had committed medical malpractice in his treatment of Vera Johnson, who died in December 1982 following coronary bypass surgery.
 
 
 3
 Before Johnson's malpractice action was filed, his attorney, Loren Gray, contacted Dr. Burman and requested his opinion as to whether Dr. Kahn and the other potential defendants had committed medical malpractice in their treatment of Vera Johnson. In a report dated August 31, 1984, Dr. Burman concluded:
 
 
 4
 While I believe that certain errors were committed, and in certain instances which I have indicated, the care that this patient received was something less than optimal, I am unable to discern an area which I could inculpate as being clearly below acceptable standards of medical practice.
 
 
 5
 Gray nonetheless filed a malpractice action in October 1984 on behalf of Michael Johnson against Dr. Kahn, several other doctors, and two hospitals. Gray identified Dr. Burman as an expert witness, and at a deposition in March 1986 Dr. Burman stated that he had changed his opinion with regard to Dr. Kahn's treatment of Vera Johnson: he now believed Dr. Kahn had been negligent, particularly in his performance of a heart catheterization and in failing properly to review medical records. In August 1986 Dr. Burman issued a report to Gray critical of Dr. Kahn's treatment of Vera Johnson.
 
 
 6
 In March 1987, while the state court malpractice action against Dr. Kahn was pending, Dr. Kahn and his wife brought the present action against Dr. Burman. Plaintiffs' complaint alleged that Dr. Burman's actions as a consultant and potential expert witness for Michael Johnson in the state court malpractice action against Dr. Kahn constituted negligence, fraudulent misrepresentation, negligent or innocent misrepresentation, defamation, and intentional infliction of emotional distress. Plaintiffs' complaint also included a count for loss of consortium by Mrs. Kahn.
 
 
 7
 Dr. Burman moved for summary judgment or judgment on the pleadings on all counts, and in October 1987 the district court granted Dr. Burman's motions in an opinion dismissing all counts. Kahn v. Burman, 673 F.Supp. 210 (E.D.Mich.1987). The court held that Dr. Burman was immune from civil liability under the witness immunity doctrine and that, even if witness immunity did not apply, he was entitled to summary judgment on each count. This appeal followed.
 
 
 8
 On appeal, Dr. Kahn contends that the witness immunity doctrine should not protect Dr. Burman from liability for his statements in the August 1984 and August 1986 reports. We reject this argument and affirm the district court for the reasons stated in the section of the district court's opinion that addresses witness immunity. 673 F.Supp. at 212-14. We therefore find it unnecessary to address plaintiffs' remaining arguments on appeal or the district court's discussion of plaintiff's various theories of recovery.
 
 
 9
 AFFIRMED.